UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY L. WILSON,

        Plaintiff,

v.                                  Case No. 16-13841

DEUTSCHE BANK NATIONAL         Paul D. Borman
TRUST COMPANY, as Trustee,       United States District Judge
in trust for registered Holders of
First Franklin Mortgage Loan Trust    R. Steven Whalen
2005-FFH4, Asset-Backed Certificates,   United States Magistrate Judge
Series 2005-FFH4, and SELECT
PORTFOLIO SERVICING, INC.,

        Defendants.

_____/

## <u>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>

Plaintiff Johnny Wilson alleges that Defendants Deutsche Bank National Trust Company ("**Deutsche Bank**") and Select Portfolio Servicing, Inc. ("**SPS**") wrongfully foreclosed on his home, and accordingly seeks to have the foreclosure and sheriff's sale set aside.

Defendants now move for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Because Plaintiff has not adequately pled the facts necessary to support an award of the relief that he seeks, the Court will grant Defendants' Motion to Dismiss.

## I.      BACKGROUND

On October 3, 2005, Plaintiff executed a mortgage and the related note in favor of First Franklin, a division of National City Bank of Indiana, which secured a home in Farmington, MI. The mortgage was recorded on October 26, 2005. (ECF No. 1, Notice of Removal, Ex. A, Compl. at ¶ 7; ECF No. 4, Defs.' Mot., Ex. A, Mortgage.) On or about August 23, 2013, First Franklin assigned the mortgage to Defendant Deutsche Bank. (ECF No. 4, Defs.' Mot., Ex. B, Assignment.)[1]

Plaintiff alleges that over the course of 2014 and 2015, he has made numerous inquiries with Defendant SPS[2] in an attempt to modify the mortgage loan. (Compl. at ¶ 8.) In 2014, having retained the services of a California loan modification specialist, Plaintiff applied for a modification of the mortgage loan, and submitted all documents required in order for Plaintiff to be considered for one. (Compl. at ¶¶ 9-10.) Plaintiff received no response as to the status of his loan modification application for approximately a full calendar year. (Compl. at ¶ 11.)

---

[1] The 2005 mortgage and the 2013 assignment of that mortgage to Defendant Deutsche Bank were attached to Defendants' Motion to Dismiss as exhibits A and B respectively. "[T]he Sixth Circuit has recognized that the 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in a plaintiff's complaint and are central to her claim.'" *Radske v. Fed. Nat'l Mortg. Ass'n*, No. 15-14107, 2016 WL 3667957, at *2 (E.D. Mich. July 11, 2016) (Borman, J.) (quoting *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)). "In a motion to dismiss, a court may also rely upon matters of public record." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). These documents were not clearly referred to in the Complaint, but as they are public records, the Court will consider them at this stage.
[2] The Complaint strongly implies, though it does not expressly allege, that Defendant SPS was the servicer of Plaintiff's mortgage loan during all relevant times.

In 2015, Plaintiff submitted a second completed loan modification application to Defendant SPS. (Compl. at ¶ 12.) Despite having complied with all of Defendant SPS's requests for supplemental documentation, Plaintiff alleges, he has never received a formal decision on his loan modification applications from either Defendant SPS or Defendant Deutsche Bank. (Compl. at ¶¶ 13-14.)

On or about January 5, 2016, after Plaintiff defaulted on the loan, foreclosure by advertisement proceedings were commenced and Plaintiff's home was sold at a sheriff's sale to Defendant Deutsche Bank. (Compl. at ¶ 15; Defs.' Mot., Ex. C, Sheriff's Deed.)[3]

Plaintiff filed this action in the Oakland County Circuit Court on September 28, 2016, and Defendants removed it to this Court on October 28, 2016. (ECF No. 1.) After reciting the factual allegations summarized in the section above, the Complaint asserts in its sole count ("Wrongful Foreclosure") that Defendants' actions violated 12 C.F.R. § 1024.41(g), colloquially known as "Regulation X."[4] Specifically, Plaintiff alleges that Defendants failed to comport with "the

---

[3] The Sheriff's Deed, attached to Defendants' Motion as Exhibit C, may also be considered here by virtue of its status as a public record. *See Radske*, 2016 WL 3667957, at *2.

[4] Regulation X provides that when a borrower has submitted a "complete loss mitigation application" after the loan servicer has made the first notice or filing required for foreclosure proceedings, the servicer may not move forward with the foreclosure unless (1) the servicer has sent the borrower notice that the borrower is not eligible for any loss mitigation option (and the borrower has not appealed this, an appeal has been denied, or the appeal procedure is not applicable in the case); (2) the borrower rejects all mitigation options offered by the servicer; or (3) the borrower fails to perform under an agreement on a loss mitigation option. (Complaint at ¶ 17 (citing 12 C.F.R. § 1024.41(g)).)

requirement that [they] complete the review of Plaintiff's loan modification applications and provide Plaintiff with a formal response as to whether he qualified for a loss mitigation option," and so their foreclosure on his home was wrongful. (*Id.* ¶ 19.) Plaintiff further alleges that he did not reject any loss mitigation options from Defendants (because none were offered), that he did not fail to perform on any agreement as to a loss mitigation option, and that if he had been offered a loss mitigation option, he would have taken it. (*Id.* ¶¶ 21-23.) Plaintiff seeks temporary relief enjoining any eviction or transfer of the property pending a trial on the merits, a judgment setting aside the sheriff's sale, compensation for "any and all damages incurred by Plaintiff . . . as a proximate result" of Defendants' actions, and an award of actual costs and attorney's fees. (*See id.* at 7-8.)

Defendants filed the present Motion to Dismiss on December 5, 2016. (ECF No. 4, Def.'s Mot.) Plaintiff filed his Response on January 26, 2017 (ECF No. 7, Pl.'s Resp.), and Defendants filed their Reply on Feburary 9, 2017 (ECF No. 8, Def.'s Repl.).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true,

and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

To sufficiently state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Treesh*, 487 F.3d at 476 (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (internal citations omitted). The Sixth Circuit recently reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331, 2016 WL 3349206, *3 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

## III.    ANALYSIS

The Court notes at the outset one important ambiguity in the pleadings. The Complaint in this action identifies its sole count as one for "Wrongful Foreclosure" but does not expressly state what state or federal statute it is brought pursuant to. (Compl. at 6.) A mortgagor who wishes to set aside a foreclosure by advertisement in Michigan must do so through a state cause of action. *See Diem v. Sallie Mae Home Loans, Inc.*, 307 Mich. App. 204, 210–12 (2014) (discussing the substantive requirements of a wrongful foreclosure cause of action under Michigan law). It is therefore significant that the Complaint states that "Plaintiff seeks redress under Michigan law." (Compl. at ¶ 5.) At the same time, the factual allegations in the Complaint focus primarily on alleged violations of Regulation X by Defendants, and this suggests that Plaintiff may be attempting to make a claim under that regulation's enabling statute: the Real Estate Settlement Procedures Act ("**RESPA**"), 12 U.S.C. § 2605. As explained below, Plaintiff has failed to state a claim under either theory.

Defendants raise three arguments in their Motion to Dismiss. First, they argue that Plaintiff lacks standing to challenge the foreclosure on his home because he failed to redeem the property within the statutorily prescribed period following the sale. Second, Defendants argue that Plaintiff has not made the showings

6

required to set aside a foreclosure sale after the expiration of the redemption period: fraud or irregularity in the foreclosure proceedings, and resulting prejudice to the borrower. Third, Defendants argue that Plaintiff's reliance on Regulation X as a basis for his state-law wrongful foreclosure claim is legally unsupported, and that he has otherwise failed to state a claim under Regulation X. The Court will consider these arguments in turn.

A.      **Plaintiff's Standing to Challenge the Foreclosure**

Defendants first argue that under the Michigan statutory framework governing foreclosures like the one in this case, "Plaintiff lacks statutory standing . . . to bring any claims related to the Property." (Def.'s Mot. at 14.) This is so, Defendant argues, because the applicable statute provides that unless the property under foreclosure is redeemed before the end of a specified redemption period, the purchaser at the foreclosure sale will gain "all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed and canceled." Mich. Comp. Laws § 600.3236. A different section of the statute provides that for "residential property not exceeding 4 units, if the amount claimed to be due on the mortgage at the date of the notice of foreclosure is more than 66-$^{2}/_{3}$% of the original indebtedness secured by the mortgage, the redemption period is

7

6 months."[5] Mich. Comp. Laws Ann. § 600.3240(8). The Complaint was filed nearly three months after the expiration of the six-month redemption period, so there is no question that all "right, title, and interest" in the property held by Plaintiff had vested in Defendant Deutsche Bank as purchaser before Plaintiff initiated this lawsuit.

Plaintiff argues that this fact alone does not justify dismissing his claim for lack of standing, and he is correct on this point. There is a narrow exception to the general rule that courts will not interfere with a foreclosure sale after the redemption period has elapsed. As the Sixth Circuit explained in 2013, "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Schulthies v. Barron*, 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)).

Thus, to whatever extent Defendants argue that Plaintiff's failure to timely redeem the property is reason enough to dismiss the claim, Defendants are incorrect. For his part, Plaintiff takes issue with the idea that the lapse of the

---

[5] The Sheriff's Deed itself specifies six months as the redemption period applicable in this case, and sets the end of the redemption period at July 5, 2016—six months after the date of the Deed. (Def.'s Mot., Ex. C, Sheriff's Deed at 3.) The Sheriff's Deed also indicates that the amount due on the mortgage as of the foreclosure sale date was $233,535.19 (*id.* at 4), which was well over 66-$\frac{2}{3}$% of the original indebtedness amount of $257,800 as stated in the mortgage (Def.'s Mot., Ex. A, Mortgage at 2).

statutory redemption period implicates the doctrine of standing at all, but this is academic. The bottom line, which the parties do not seem to disagree on, is that where a borrower has failed to redeem the property within the redemption period, he or she must show fraud or irregularity, to have the foreclosure set aside. That, therefore, is what Plaintiff must allege for his claim to survive this Motion to Dismiss.

B.     **Sufficiency of Wrongful Foreclosure Allegations**

The "fraud or irregularity" exception to the general principle of judicial reluctance to set aside foreclosure sales is a narrow exception. As to most cases, "the ability for a court to set aside a sheriff's sale has been drastically circumscribed" under Michigan law, and the "fraud or irregularity" exception creates a "high standard" for plaintiffs to meet. *Conlin*, 714 F.3d at 359-60. In addition to showing either fraud or irregularity, plaintiffs in these circumstances must also show prejudice, which requires them to demonstrate "that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance" with the foreclosure statute. *Id.* at 361 (quoting *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 825 N.W.2d 329, 337 (2012)).

"[N]ot just any type of fraud will suffice. Rather, '[t]he misconduct must relate to the foreclosure procedure itself.'" *Conlin*, 714 F.3d at 360 (quoting *El–Seblani v. IndyMac Mortg. Servs.*, 510 F. App'x 425, 429–30 (6th Cir. 2013)). This

9

Court has held that

> [a] claim of fraud under Michigan law requires the following
> elements: (1) that the defendant made a misrepresentation; (2) that it
> was false; (3) that defendant knew at the time of making the statement
> that it was false or was reckless with regard to knowledge of the truth;
> (4) that defendant made it with the intention that plaintiff would rely
> on it; (5) that plaintiff did rely and act on the misrepresentation; and
> (6) that plaintiff suffered injury as a result.

*Dixon v. Wells Fargo Bank, N.A.*, No. 12-10174, 2012 WL 4450502, at *5 (E.D.

Mich. Sept. 25, 2012) (Borman, J.) (citing *Hi–Way Motor Co. v. International

Harvester Co.,* 398 Mich. 330, 247 N.W.2d 813 (1976)).

Plaintiff states in his Response that "[t]here is no question Plaintiff

experienced fraud or irregularity during the foreclosure process in this case." (Pl.'s

Resp. at 10.) The Court disagrees. At least as far as fraud is concerned, there is no

colorable argument to be made that Plaintiff has made sufficient factual

allegations. The Complaint contains no allegations of misrepresentation, knowing

falsehood or reckless disregard, intent to create reliance, or actual reliance.

As for the irregularity prong, ample precedent supports the existence of an

important distinction between loan modification irregularities on the one hand, and

foreclosure irregularities on the other. This Court recently held as much under very

similar circumstances in *Radske v. Fed. Nat'l Mortg. Ass'n,* No. 15-14107, 2016

WL 3667957 (E.D. Mich. July 11, 2016):

10

> Plaintiff's claims regarding Defendants' RESPA violations are at most irregularities in the loan modification process that occurred contemporaneously with the foreclosure process. The Sixth Circuit has held, however, that such allegations are insufficient to plead a wrongful foreclosure claim because "[a]n alleged irregularity in the loan modification process [ ] does not constitute an irregularity in the foreclosure proceeding."

*Id.* at *4 (quoting *Campbell v. Nationstar Mortg.*, 611 Fed.Appx. 288, 294 (6th Cir. 2015)).

Plaintiff argues that Defendants' alleged failures to comply with Regulation X do in fact amount to defects in the foreclosure process, because Regulation X requires servicers to take certain specified actions before initiating foreclosure proceedings, and the regulation should therefore be regarded as not only part of but central to the foreclosure process.

This argument runs contrary to a number of decisions in this District and in the Sixth Circuit that have interpreted Michigan law as providing that "the fraud or irregularity must be in 'conducting the legal measures' . . . of the foreclosure process." *Williams v. Pledged Prop. II, LLC*, 508 Fed.Appx. 465, 468 (6th Cir. 2012) (quoting *Heimerdinger v. Heimerdinger*, 299 Mich. 149, 299 N.W. 844, 846 (1941)); *see also Campbell*, 611 Fed.Appx. at 294-95 (allegations that a mortgagee's failure to meet with the mortgagor before commencing the foreclosure process and failure to evaluate the mortgagor's eligibility for a loan modification "[a]t most . . . allege[d] irregularities with the loan modification process that

11

occurred contemporaneously with the foreclosure" and therefore did not allege irregularities in the foreclosure process"); *Knight v. Bank of Am.*, No. 16-11662, 2016 WL 6600041, at *4 (E.D. Mich. Nov. 8, 2016) (noting that a showing of "noncompliance with the foreclosure requirements" is required to set aside a foreclosure sale); *Beard v. HSBC Mortg. Servs., Inc.*, No. 1:15-CV-1232, 2016 WL 3049310, at *3 (W.D. Mich. May 31, 2016) (plaintiffs' allegations that the defendant "told them that it would not begin foreclosure proceedings while the parties were actively pursuing loan modification or other financial assistance options" insufficient) (internal quotation marks omitted); *Upshaw v. Green Tree Servicing LLC*, No. 15-CV-13866, 2015 WL 9269136, at *3 (E.D. Mich. Dec. 21, 2015) (allegation that defendant "proceed[ed] with a foreclosure while [p]laintiffs were being considered for foreclosure alternatives" insufficient); *Goodman v. Citimortgage, Inc.*, No. 15-12456, 2015 WL 6387451, at *3 (E.D. Mich. Oct. 22, 2015) (fraud/irregularity allegation based on defendant's claimed violation of RESPA in "pursuing loss mitigation options contemporaneously with active foreclosure proceedings" insufficient).

If the Complaint does in fact allege any irregularities, they were in the loan modification process and not the foreclosure process.[6] Because Plaintiff has not

---

[6] The irregularity alleged by Plaintiff is Defendants' failure to review his loan modification applications and to issue a formal decision on them. (Compl. at ¶¶ 14, 20-21.) Defendants contend that Plaintiff was in fact mailed notification from Defendants that he was not approved

made allegations sufficient to invoke the "fraud or irregularities" exception, the Court need not address whether Plaintiff has alleged prejudice. Plaintiff has not alleged the foreclosure-stage fraud or irregularity necessary to justify setting aside a foreclosure sale after the expiration of the statutory redemption period.

## C.   Alleged Violation of Regulation X

The bulk of Plaintiff's factual allegations involve Defendant's purported violations of Regulation X, which in certain circumstances prohibits a loan servicer from foreclosing on a borrower's property without informing the borrower of any loss mitigation opportunities he or she may have. Servicers who violate Regulation X can be liable under RESPA, the regulation's enabling statute, for actual damages suffered by the borrower as well as additional damages if a pattern of noncompliance is proven. *See* 12 C.F.R. § 1024.41(g); 12 U.S.C. § 2605(f)(1).

As mentioned above, there is some ambiguity as to whether Plaintiff is making a wrongful foreclosure claim under Michigan law or a claim for damages under RESPA. But even if construed as alleging RESPA violations only, the Complaint would be deficient. A Plaintiff bringing a claim under RESPA must allege actual damages. *See Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869,

---

for any loss mitigation options, and attached as an exhibit to their Motion a Denial Letter reflecting as much. (Defs' Mot., Ex. E, Denial Letter.) Defendants argue that the Denial Letter may be considered by the Court on the present Motion to Dismiss because it is central to Plaintiff's allegations of Defendants' noncompliance with Regulation X. In any event, Plaintiff has not stated a claim even if Defendants did not send him notification of this sort.

876 (E.D. Mich. 2010) ("Plaintiff makes no mention of actual damages anywhere in his complaint or response brief. The complete absence of alleged damages warrants a dismissal of Plaintiff's RESPA claim."); *Phillips v. Green Tree Servicing LLC*, No. 15-13582, 2016 WL 627903, at *3 (E.D. Mich. Feb. 17, 2016) (dismissing a RESPA claim because "[i]n order to seek monetary damages for a RESPA violation, plaintiff is required to make actual damage allegations . . . which are absent in this plaintiff's complaint"). Plaintiff has made no specific allegation of actual damages, and so he has not stated a claim under Regulation X and RESPA.

In his Response, Plaintiff does not maintain that he has in fact alleged actual damages. Instead, Plaintiff characterizes his references to Regulation X violations as more for the purpose of establishing Defendants' liability for wrongful foreclosure under Michigan law. Regulation X provides that a borrower may enforce its provisions through a RESPA action, Plaintiff argues, but "nothing in the regulation itself or in RESPA limits a borrower from using these irregularities to defend against a wrongful foreclosure as the borrower has done in the case at bar." (Pl.'s Resp. at 7.) In this vein, Plaintiff draws an analogy to the law of negligence, in which context a tort claimant can use the defendant's violation of a statute or regulation as proof in his or her common-law negligence case, even if the statute or regulation does not provide the plaintiff with a private cause of action.

14

As discussed above, Plaintiff has failed to state a wrongful foreclosure claim under Michigan law because he has not alleged the requisite fraud or irregularity. But the Regulation X dimension of this case further demonstrates why this claim must fail. RESPA grants plaintiffs a cause of action for money damages in some circumstances, while the Michigan statutory framework governing wrongful foreclosure claims provides an equitable remedy in others. If every violation of Regulation X were *per se* sufficient to set aside a Michigan foreclosure, many of the state-created restrictions on plaintiffs seeking that form of equitable relief would be rendered superfluous. Courts in this District have recognized that the two laws create significantly different remedies. *See, e.g., Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 WL 6986414, at *1 (E.D. Mich. Dec. 10, 2014) (dismissing a RESPA claim "because the principal relief sought by Plaintiffs—to stay or set aside the sheriff's sale or, alternatively, to permit the matter to proceed to judicial foreclosure—is unavailable to them under RESPA"); *Ryan v. Ocwen Loan Servicing*, LLC, No. 15-11555, 2016 WL 1242433, at *3 (E.D. Mich. Mar. 30, 2016) (holding that the setting aside of a sheriff's sale is a form of relief that is unavailable under RESPA); *Phillips*, 2016 WL 627903, at *3 (same); *Gooden v. M&T Bank*, No. 15-13235, 2015 WL 8538092, at *3 (E.D. Mich. Dec. 11, 2015) (same).

It is not inconceivable that elements of the same course of conduct by a loan

15

servicer could both violate Regulation X and constitute wrongful foreclosure actionable under Michigan law, provided that course of conduct encompassed both loan modification negotiations and foreclosure proceedings. But to find that Plaintiff has made out a state-law wrongful foreclosure case using *only* allegations of Regulation X violations would amount to the creation of a hybrid remedy where neither state law nor federal law has provided for one.

### IV.     CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

MAR 2 0 2017

Dated: _____